J-A14018-23

2023 PA Super 132

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
DANA MARIE FADDIS               :
                                :
            Appellant           :    No. 2666 EDA 2022

Appeal from the Judgment of Sentence Entered October 12, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002719-2014

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.:                        **FILED JULY 25, 2023**

Appellant, Dana Marie Faddis, appeals from the October 12, 2022 judgment of sentence entered in the Chester County Court of Common Pleas following her violation of probation.  After careful review, we affirm the judgment of sentence.

This case has an extensive procedural history involving numerous violations of probation and parole, the majority of which are not relevant to the instant appeal.  Accordingly, we present an abbreviated recitation of the factual and procedural history.

In November 2014, the court sentenced Appellant to 1-11.5 months of incarceration for Simple Assault and a consecutive 2-year term of probation for Resisting Arrest.  In August 2020, after several violations of parole, Appellant completed her sentence for Simple Assault and began her probationary sentence for Resisting Arrest.

On January 20, 2021, the court revoked Appellant's probation after finding that she had violated it and resentenced Appellant to a term of 3-12 months of incarceration ("January 2021 Incarceration Sentence") followed by a consecutive term of one year of probation ("January 2021 Probation Sentence").

On December 1, 2021, the court concluded that Appellant violated parole on her January 2021 Incarceration Sentence and imposed a sentence of 9 months of incarceration ("December 2021 Incarceration Sentence").[1] While the court acknowledged the January 2021 Probation Sentence during the hearing, it did not reference the January 2021 Probation Sentence in the order imposing the December 2021 Incarceration Sentence.[2]

On October 12, 2022, following the expiration of the December 2021 Incarceration Sentence, the court concluded that Appellant violated her January 2021 Probation Sentence.[3] It revoked probation and sentenced her to 3-11.5 months of incarceration ("October 2022 Incarceration Sentence"). In so doing, the court rejected Appellant's claim that the silence of the December 2021 Sentencing Order in regard to the January 2021 Probation Sentence resulted in termination of the January 2021 Probation Sentence.

---

[1] The court also stated: "Case can be closed at end of parole period if she completes treatment successfully as well as all after care." Tr. Ct. Order, 12/1/21.

[2] N.T., 12/1/21, at 8; Tr. Ct. Order, 12/1/21.

[3] Appellant's parole period under the January 2021 Incarceration Sentence ended on June 6, 2022.

Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P 1925.

Before this Court, Appellant raises the following question: "Did the trial court err in revoking probation and imposing sentence when probation term which was revoked was not contained on the previous written sentencing order?" Appellant's Br. at 2.

**A.**

Appellant challenges the sentence imposed following the revocation of her January 2021 Probation Sentence. This Court reviews a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. ***Commonwealth v. Shires***, 240 A.3d 974, 977 (Pa. Super. 2020). "[W]e can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Id.*** (citation omitted).

The instant case involves interactions between the trial court's imposition of sanctions for Appellant's violations of parole and probation. The sanctions for these violations are distinct. "[A] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence." ***Commonwealth v. Holmes***, 933 A.2d 57, 59 n.5 (Pa. 2007) (citing 42 Pa.C.S. § 9771(b)). "In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment[.]" ***Id.***

- 3 -

Moreover, as recently held by this Court in ***Commonwealth v. Simmons***, 262 A.3d 512, 527-528 (Pa. Super. 2021) (*en banc*), and affirmed by the Supreme Court in ***Commonwealth v. Rosario***, 294 A.3d 338 (Pa. 2023), revocation of probation "is permissible solely during the term of the probation itself." ***Id.*** at 347, ***see also id.*** at 349 (holding that "the clear language of [S]ection 9771 explicitly forbids anticipatory probation revocation").

Finally, "[i]t is well-settled that due process protections apply both to individuals who are on probation[] and to individuals who are on parole[.]" ***Commonwealth v. Hoover***, 231 A.3d 785, 793 (Pa. 2020) (internal citations omitted). "[D]ue process[, *inter alia*,] requires that individuals be given fair warning of the acts which may lead to revocation of parole or probation." ***Id.***

**B.**

Appellant challenges the trial court's jurisdiction to impose a sentence for a violation of her January 2021 Probation Sentence. She contends that the January 2021 Probation Sentence ceased to exist when the court did not reference it in the December 2021 Order imposing a sentence for her violation of the January 2021 Incarceration Sentence. While she recognizes that the court acknowledged the January 2021 Probation Sentence during the December 2021 hearing, Appellant emphasizes that "[o]ral statements made by the judge in passing sentence, but not incorporated in the written sentence signed by [the sentencing judge], are not part of the judgment of sentence."

- 4 -

Appellant's Br. at 6 (quoting **Commonwealth v. Quinlan**, 639 A.2d 1235, 1239 (Pa. Super. 1994)).

Moreover, Appellant claims that the due process protections of the United States and Pennsylvania Constitutions required the court to provide her with notice of her full sentence, including any outstanding probationary sentences. She asserts that "[t]he practice of not including sentences on the last sentencing sheet is very confusing to attorneys, probation officers, and the court, but most importantly to defendants who have a right to know their sentence and may face multiple consecutive probationary terms." **Id.** at 13.

After careful consideration, we agree with the trial court that Appellant's January 2021 Probation Sentence remained intact, regardless of whether the court referenced that sentence in the December 2021 Sentencing Order. Indeed, the court correctly recognized that the January 2021 Probation Sentence was not before the court in December 2021, given that under **Simmons**, Appellant could not have violated the consecutive probationary sentence that she had yet to begin serving. Tr. Ct. Op., 12/9/22, at 3. Appellant fails to cite any other indication in the record of the court's intent to terminate the January 2021 Probation Sentence. Accordingly, we agree that the January 2021 Probation Sentence continued to bind Appellant and that the court had jurisdiction to adjudicate her violation of it.[4]

---

[4] Although the trial court opined that a court "is not permitted to address the anticipatory probationary period," Tr. Ct. Op. at 8, as noted in **Rosario**, a trial

*(Footnote Continued Next Page)*

- 5 -

Additionally, we reject Appellant's complaint that the failure to restate the January 2021 Probation Sentence in the December 2021 Sentencing Order violated her constitutional due process protections by failing to provide notice of the remaining sentence. To the contrary, Appellant received the requisite notice of the probation sentence in the January 2021 Sentencing Order.[5]

In sum, we conclude that the court had jurisdiction to impose a sentence for Appellant's violation of her January 2021 Probation Sentence.

Judgment of Sentence affirmed.

_____

court may address a probationary sentence "at any time" in three limited instances under the plain language of Section 9771(a), specifically it may "terminate continued supervision, lessen the conditions of probation, and increase the conditions of probation upon a finding of an identifiable threat to public safety." *Rosario*, 294 A.3d at 347 (citing 42 Pa.C.S. § 9771(a)).

Thus, the court could have terminated the January 2021 Probation Sentence before it began. Indeed, the December 2021 Sentencing Order implied that the January 2021 Probation Sentence could be terminated early, as it stated that the "[c]ase can be closed at the end of parole period if [Appellant] completes treatment[.]" Tr. Ct. Order, 12/1/21. There is no indication, however, that Appellant completed treatment to trigger this provision.

[5] Nevertheless, we acknowledge Appellant's valid concerns regarding defendants' and other stakeholders' potential confusion when faced with multiple sentencing orders on the same docket. Indeed, the sentencing court raised similar questions in observing that "*Simmons*, *supra*, and its progeny, do not address what should be reflected on the VOP sentencing sheet in light of the fact that the courts are not to consider anticipatory sentences." Tr. Ct. Op. at 7. To alleviate any confusion, we recommend that courts restate all sentences outstanding on the docket in all violation of parole or probation sentencing orders, absent further guidance from the Supreme Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2023