J-S14028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIM ALIQUAN THOMAS | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000661-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: JULY 2, 2024**

Nasim Aliquan Thomas appeals from the judgment of sentence entered on September 19, 2023, for violations of his probation ("VOP"). Thomas' counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The following factual and procedural history was provided by the trial court:

On June 23, 2022, [Thomas] entered a negotiated guilty plea to persons not to possess firearms.[a] He was sentenced in accordance with his plea agreement to eleven and one-half to twenty-three months of incarceration, followed by three years of probation. On September 19, 2023, following a **Gagnon II**[1]

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

hearing, [Thomas] was re-sentenced to sixteen months to three years of incarceration in a state correctional facility. [Thomas admitted to the violations of probation, which included a new conviction; failure to report to probation as directed; notify probation of a change of address; obtain permission to travel; and comply with chemical testing.]

On September 29, 2023, [Thomas] filed a post-sentence motion, which was denied by [the VOP] court on October 6, 2023. On October 17, 2023, [Thomas] filed a notice of appeal … . On October 19, 2023, [the VOP] court ordered [Thomas] to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On November 8, 2023, counsel for [Thomas] filed a notice of his intention to file an ***Anders***/***McClendon*** brief in lieu of a concise statement.

[a]18 Pa.C.S.A. § 6105(a)(1).

VOP Court Opinion, 11/14/23 (unpaginated).

The ***Anders*** brief raises one claim: "Whether the court abused its discretion in resentencing [Thomas] to sixteen (16) months to three (3) years in a state correctional institution following a ***Gagnon II*** for technical violations and a new conviction?" ***Anders*** Brief, at 5.

When counsel files an ***Anders*** brief, we first must examine counsel's request to withdraw before we may review the merits of any underlying issues. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To withdraw pursuant to ***Anders*** and ***McClendon***, counsel must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any

- 2 -

additional points that he or she deems worthy of the court's attention.

***Id.*** (citations omitted).

Furthermore,

the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied substantially with the dictates above. Counsel filed a petition to withdraw noting that he reviewed the record and relevant authority and found the appeal to be frivolous. ***See*** Petition to Withdraw as Counsel, 1/22/24 (unpaginated). Counsel filed a brief that includes a summary of the procedural history and facts with citations to the record. ***See Anders*** Brief, at 6-9. Counsel referred to portions of the record that arguably could support the appeal and set forth his conclusion with reasons that the appeal is frivolous. ***See id.*** at 8-14.[2] Counsel included a copy of the letter he sent to

---

[2] While we find that counsel has substantially complied with the dictates of ***Anders***, we note that counsel failed to include a separate Pa.R.A.P. 2119(f) statement and further failed to discuss the law pertaining to the discretionary aspects of sentencing. ***See*** Pa.R.A.P. 2119(a), (f). While these oversights are not fatal to our review, we caution counsel to be more careful in the future.

Thomas with the brief advising Thomas of his right to retain new counsel or proceed *pro se*. **See** Petition to Withdraw as Counsel, 1/22/24, Exhibit.

As counsel has substantially satisfied the requirements of **Anders** and its progeny, we will conduct an independent review of the case to determine whether the appeal is wholly frivolous by considering the issue raised in the **Anders** brief and then reviewing the record "to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citations omitted).

The sole issue raised on appeal is the discretionary aspects of Thomas' revocation sentence. "We can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Faddis**, 300 A.3d 456, 458 (Pa. Super. 2023) (citation omitted). It is well established that sentencing is vested in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. **Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa. Super. 2008).

A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. **See Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation and brackets omitted).

It has been stated many times that to raise a substantial question in a case such as this, an appellant must advance a plausible claim that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or were contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006).

Thomas filed a timely notice of appeal and timely motion for reconsideration of his sentence. However, counsel did not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Normally, this would result in waiver of the issue. However, as counsel has filed an *Anders* brief, we will review the issue to determine if it is wholly frivolous. *See Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that *Anders* requires the Court to review issues that would normally be waived on appeal).

In his post-sentence motion for reconsideration of his revocation sentence, Thomas averred that the sentence is contrary to the fundamental norms underlying the sentencing process because the trial court failed to consider his rehabilitative needs in the revocation process. *See* Post-Sentence

Motion for Reconsideration of Sentence, 9/29/23 (unpaginated). This presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 994-95 (Pa. Super. 2016) (Although "the revocation court is not confined or restrained *solely* by Section 9721(b) factors[,] … [an] [a]ppellant presents a substantial question for our review[] to the extent that he challenges the sentencing court's failure to consider Section 9721(b) factors.") (citation omitted).

> Upon revoking a defendant's probation and imposing a new sentence, a court has available to it essentially all the sentencing alternatives that existed at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority.

*Kalichak*, 943 A.2d at 289 (some citations omitted).

Our Supreme Court has noted that:

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

the victim and on the community, and the rehabilitative needs of the defendant."

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (citations omitted).

Here, Thomas admitted to his violations, including a new conviction for retail theft. ***See*** N.T. ***Gagnon II*** Sentencing, 9/19/23, at 3. As such, the trial court had the authority to sentence Thomas to total confinement. ***See Kalichak***, 943 A.2d at 289; 42 Pa.C.S.A. § 9771(c)(1)(i). The court imposed a sentence of 16 months to 3 years' incarceration. The court indicated it took into consideration:

> the recommendation of the Adult Probation office, the information placed on the record by defense counsel, as well as legal arguments; specifically with regard to the periods of time served by [Thomas], and the applicable maximum sentences for purposes of resentencing, and all of the comments made by [Thomas].

N.T. ***Gagnon II*** Sentencing, 9/19/23, at 12-13. The recommendation from Adult Probation included an explanation of the circumstances of Thomas' probation and his compliance with probation. ***See id.*** at 4-5. Adult Probation explained that Thomas had two previous probation violations, both for new charges. ***See id.*** at 4. One of those charges was later dismissed. ***See id.*** After the last revocation proceeding, Thomas was only in compliance with probation for about two months before he absconded. ***See id.*** It was around the time he absconded that Thomas received the new charges for retail theft, to which he pled guilty prior to the revocation at issue here. ***See id.*** Thomas spoke to the trial court and admitted his violations, including that he failed to notify his probation officer when he travelled to New Jersey and that he still has an open

charge in New Jersey. ***See id.*** at 9, 11. With all this information, we easily conclude that the trial court did not abuse its discretion in imposing the sentence of 16 months to 3 years of incarceration. ***See Kalichak***, 943 A.2d at 290.

Therefore, we agree with counsel that Thomas' appeal is frivolous. Further, after our independent review, we cannot find any meritorious issues in the certified record. We affirm the judgment of sentence and grant counsel's petition to withdraw as counsel.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024