J-S25013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR ALEXANDER MORALES | : | |
| | : | |
| Appellant | : | No. 3146 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 24, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0001358-2020

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　**FILED AUGUST 11, 2025**

Victor Alexander Morales appeals from the judgment of sentence imposed following the revocation of his probation. On appeal, Morales contends the trial court abused its discretion when it sentenced him to a term of 18 to 36 months' incarceration, which constituted an aggravated range sentence. After careful consideration, we affirm.

On September 8, 2020, Morales entered a guilty plea to one count of child pornography[1]. All other charges were dismissed. On December 21, 2020, the court sentenced Morales to 1 to 3 years' imprisonment, to be followed by 48 months' probation.

_____

[1] 18 Pa.C.S.A. § 6312(d).

Relevant to this appeal, certain special conditions were imposed on his probation, including but not limited to, undergoing drug and alcohol, psychological, and sex offender evaluation, counseling, and treatment. Morales was also directed as follows:

> The defendant shall register with the Pennsylvania State Police consistent with Megan's Law and SORNA. He shall not possess or subscribe to any sexually oriented or sexually stimulating material, which shall include mail, computer or television shows[,] nor patronize any place where such material or entertainment is available. He shall not have any unsupervised contact with any minor children unless ordered by the Court upon recommendation by a certified mental health profession[al] that such contact is appropriate, and may not visit places where children congregate such as, but not limited to, schools, playgrounds, swimming pools, arcades and carnivals, etc. He shall refrain from participation in any youth group or youth group activity such as Boy Scouts, etc. He may not accept employment or volunteer for any activity directly or indirectly involving children such as a school bus driver, daycare worker, coach, costume character or Sunday school teacher, etc., and he shall refrain from using the computer or any smart phone device to access illicit content [on] the Internet[,] and give the Probation Department and the Pennsylvania State Parole Board access to his computer and/or any electronic device that has access to the Internet to determine whether this condition is complied with.

Special Conditions, 12/21/20.

In December 2023, Morales was released from state prison and began his probationary sentence. In September 2024, a violation warrant was entered against Morales, stating Morales had violated the following conditions of his probation:

> Condition 1 - Non-Compliance with verbal/written instructions
> Condition 13 - Failure to obey other imposed conditions
>     Details for Condition 13: The defendant failed to comply with sex offender treatment as directed. The defendant failed to refrain

from unsupervised contact with juveniles. The defendant failed to refrain from Internet access.

Probation/Parole Intermediate Punishment Violation Warrant, 9/11/24.

On October 24, 2024, in light of the alleged violation of probation, a **Gagnon II**[2] hearing was held, during which Morales contested the violation. The Commonwealth first called Dr. Veronique Valliere, who provided clinical services to Morales during his treatment at Forensic Treatment Services. Dr. Valliere testified that Morales "did poorly" during his treatment, and was "generally difficult", "fairly dismissive", and "somewhat arrogant." N.T., Gagnon II and Sentencing Hearing, 10/24/24, at 5. Dr. Valliere detailed that they struggled with him finding employment, he was not getting appropriate mental health treatment, and that "approximately around April, [Morales] started deteriorating even more." **Id.** Specifically, despite upping his treatment, Morales's "behavior got more and more problematic":

> he was engaging in some tremendously high-risk behaviors and rule violations, like masturbating to memories of child sex abuse material content. He was following minors and sexualizing them and masturbating to them. He was hanging at vape shops where minors were congregated. He got on the internet.

**Id.** The treatment center increased his monitoring but Morales continued in the behavior described above, which he admitted under polygraph examination. **See id.** at 5-6. **See id.** at 6. Due to becoming extremely high risk, the treatment center made numerous recommendations including calling

---

[2] **Gagnon v. Scarpelli,** 411 U.S. 778 (1973).

group members and utilizing group therapy, but Morales failed to follow the recommendations. *See id.* Accordingly, the treatment center found he was at a high risk to reoffend and they could not manage him in the community, so he was unsuccessfully discharged from treatment. *See id.*

Next, Officer Anthony Mondello, Morales's probation officer, testified. Officer Mondello testified that he often attends treatment groups along with the offenders that he supervises in order to keep abreast of their treatment. *See id.* at 14. Officer Mondello corroborated the observations Dr. Valliere had made. *See id.* Officer Mondello added that he heard Morales admit during a group treatment that he followed two minors, and that when asked how long he followed them for, Morales stated he followed the minors for about ten minutes; which Officer Mondello noted was "a long time to follow two little kids on the street." *Id.* at 14-15. Officer Mondello explained that sex-offender treatment is about self-management and taking responsibility for using tools to manage yourself, and concluded "[t]hat's the bottom line, [] he was not doing that." *Id.* at 15.

Following the hearing, the court found Morales had violated his probation. The court then resentenced Morales to 18 to 36 months' in state prison, to be followed by 12 months' probation. The court entered its sentencing order that same day, revoking Morale's probation, resentencing him, and imposing all original conditions.

On November 3, 2024, Morales filed a motion for modification of sentence, arguing the sentence was excessively severe because of the following mitigating factors (1) the violations did not involve any new convictions; (2) the violations did not involve any actual interactions with young or underage persons; and (3) the violations were reported by Morales to persons in authority during sex offender treatment, demonstrating compliance with the imperative to be open and honest. *See* Motion for Modification, 11/3/24, at 2-3. The trial court denied the motion. This timely appeal followed.

Morales raises the following issues on appeal:

1. Did the [trial c]ourt unlawfully sentence [Morales for technical probation violations to a period of total confinement of not less than eighteen months nor more than thirty-six months for technical probation violations in that the sentence exceeds the allowed sentences set forth in 42 Pa.C.S.A. § 9771(c)(2)?

2. Did the [trial c]ourt abuse its discretion in sentencing [Morales] for technical probation violations to a period of total confinement of not less than eighteen months nor more that thirty-six months, which is in the aggravated Sentencing Guidelines range, in that it is manifestly excessive and the [trial c]ourt failed to consider on the record the appropriate factors?

Appellant's Brief, at 5.

The issues raised on appeal both challenge the discretionary aspects of Morales's revocation sentence. "We can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Faddis***, 300 A.3d 456, 458 (Pa. Super. 2023) (citation

omitted). It is well established "[s]entencing is vested in the sound discretion of the court and will not be disturbed absent an abuse of that discretion." *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008) (citation omitted).

In his first issue, Morales claims the trial court abused its discretion in imposing a sentence of total confinement for a technical probation violation, exceeding the allowable terms set forth in 42 Pa.C.S.A. § 9771(c)(2). *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012) (stating a sentencing court's lack of adherence to Section "9771(c) [is] a matter implicating the discretionary aspects of a sentence."); *see also id.* at 98 ("[C]hallenges under [Section] 9771(c) are not among the narrow class of issues that implicate the legality of a sentence.").

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (case citation and brackets omitted).

Here, Morales filed a timely appeal and included the requisite Rule 2119(f) concise statement in his appellate brief. However, he failed to preserve the instant claim either in a post-sentence motion or at sentencing.

The post-sentence motion for modification did not mention Section 9771(c), let alone argue that the trial court erred by imposing a sentence that was in contravention of Section 9771(c). *See* Motion for Modification, 11/3/24. Rather, the motion claimed only that the court abused its discretion by imposing an excessively severe sentence that failed to account for certain mitigating factors. *See id.* at 2-3.

It is well-settled that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013). Here, although Morales raised his issue implicating Section 9771(c) in his 1925(b) concise statement, we have held "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017) (citation, emphasis, and brackets omitted). Accordingly, as Morales failed to preserve the instant

challenge to his sentence at sentencing or in a post-sentence motion, he waived his first issue. **See Cartrette**, 83 A.3d at 1042.

We next address Morales's second issue, which also implicates the discretionary aspects of sentencing. Unlike his first issue, Morales preserved this issue in his post-sentence motion, where he claimed the trial court abused its discretion by imposing an excessively severe sentence that deviated above the standard range of the guidelines, while failing to consider certain mitigating factors. Accordingly, we determine whether Morales's claim presents a substantial question for our review.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation and emphases omitted); **see also** Pa.R.A.P. 2119(f).

Morales "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365 (citation omitted).

In his Rule 2119(f) statement, Morales asserts the sentence imposed is "excessive in length and an abuse of judicial discretion" and that the aggravated range sentence is greater than the original sentence of total confinement. Appellant's Brief, at 6.

Notably, "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). However, we conclude Morales's two assertions together present a substantial question. *See Commonwealth v. Lucky*, 229 A.3d 657, 664 (Pa. Super. 2020) ("On appeal from a revocation proceeding, ... a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation.") (citation omitted).

The sentence at issue was imposed after the trial court revoked Morales's probation.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"When considering the sentence imposed after probation revocation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (citations omitted).

In imposing a sentence, the sentencing court must consider relevant statutory factors, including "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A sentencing court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962–63 (Pa. 2007). A sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

Moreover, "[a] sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." *Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted). When imposing a sentence in the aggravated range, a sentencing court must state its reasons on the record. *See* 204 Pa. Code § 303.13(c). A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts

- 10 -

of the crime and character of the offender. *See Commonwealth v. Malovich,* 903 A.2d 1247, 1253 (Pa. Super. 2006).

Here, the trial court considered the testimony at the *Gagnon II* hearing regarding Morales's lack of success under probation, including failing to comply with treatment. The testimony reveals that Morales was found likely to commit another crime. Following the hearing, the trial court found Morales had violated his probation. The court stated that it agreed with Dr. Valliere that "it's not the thoughts that are going to get you in trouble, it's the behavior, and the issue here is that you took it way – you took steps that were heading in a very serious direction." N.T., *Gagnon II* and Sentencing Hearing, 10/24/24, at 24-25. The court then resentenced Morales to 18 to 36 months' in state prison. The court acknowledged the sentence is in the aggravated range and provided the following reasons for doing so:

> The serious nature of the facts and circumstances surrounding the violation; two the Defendant is high risk for reoffending; and three, the continued patterns of violations. These are multiple acts, … acts of standing around a vape store to view minors, failing the polygraph with various admissions, accessing the internet, and so the multitude of violations here warrants an aggravated-range sentence.

*Id.* at 25-26.

Additionally, in denying Morales's post-sentence motion, the court further explained its reasons for the sentence given as follows:

> This [c]ourt considered all the required statutory factors in sentencing [Morales]. Indeed, in imposing [Morales]'s sentence, this [c]ourt considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the

community, [Morales]'s rehabilitative needs, and the sentencing guidelines."

…

In the instant case, [Morales] failed to comply with the terms of his probation. Indeed, [Morales] deliberately chose to not comply with his probation by disregarding verbal/written instructions and by failing to comply with sex offender treatment as directed, as he was unsuccessfully discharged from the treatment program. Additionally, [Morales] failed to refrain from unsupervised contact with juveniles, as well as failed to refrain from internet access. In sentencing [Morales], this [c]ourt considered the protection of the public, the gravity of the offense, [Morales]'s rehabilitative needs, and the facts and circumstances that gave rise to the violations.

Furthermore, this [c]ourt articulated the reasons on the record for the imposition of the sentence in the aggravated range of the guidelines: (1) the serious nature of the facts and circumstances surrounding the violation; (2) [Morales] is at high risk to reoffend; and (3) [Morales]'s continued pattern of violations, as there are multiple violative acts including … acts of following minors, acts of standing around a vape store to view minors, and accessing the internet.

Order, 11/7/24, at 2-3, FN1 (citations omitted).

Of particular concern to us is the uncontested evidence that Morales has followed minors and has frequented vape stores to view minors. The trial court was justifiably concerned over the safety of the public. Based on the above, we conclude the court did not abuse its discretion in resentencing Morales. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025